UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY<br>13403 Northwest Freeway<br>Houston, Texas  77040<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF CIRCLEVILLE<br>133 South Court Street<br>Circleville, Ohio  43113,<br><br>and<br><br>CIRCLEVILLE FIRE & EMS DEPARTMENT<br>586 North Court Street<br>Circleville, Ohio  43113,<br><br>and<br><br>MARC ZINGARELLI,<br>147 Nicholas Drive<br>Circleville, Ohio  43113<br><br>          Defendants. | Case No. 2:18-cv-00395<br><br>District Judge<br><br>Magistrate Judge |

**COMPLAINT FOR DECLARATORY RELIEF**

For its complaint against Defendants CITY OF CIRCLEVILLE, OHIO ("Circleville"), CIRCLEVILLE FIRE & EMS DEPARTMENT ("Circleville Fire Department"), and MARC ZINGARELLI (collectively, the "Insureds" or "Defendants"), Plaintiff U.S. SPECIALTY INSURANCE COMPANY ("USSIC") states as follows:

**NATURE OF ACTION**

1. This action involves an actual controversy that currently exists between USSIC and Defendants for which USSIC seeks declaratory relief pursuant to 28 U.S.C. § 2201. The controversy concerns the defense of an action known as *Amie L. Mornginstar v. Circleville Fire*

& *EMS Department, et al.*, Case No. 2:15-cv-03077, which was filed in the United State District Court, Southern District of Ohio (the "Underlying Action").

## THE PARTIES

2. Plaintiff USSIC is an insurance company organized and existing under the laws of the State of Texas, with its principal place of business located in Houston, Texas.

3. On information and belief, Defendant Circleville is an Ohio municipality with its principal place of business in the City of Circleville, County of Pickaway, Ohio.

4. On information and belief, Defendant Circleville Fire Department is an Ohio government agency, with its principal place of business in the City of Circleville, County of Pickaway, Ohio.

5. On information and belief, Defendant Mr. Zingarelli, an individual, is a resident of Circleville, Ohio.

## JURISDICTION AND VENUE

6. USSIC brings this claim for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202 for the purpose of deciding an actual case and controversy between the parties regarding coverage for the Underlying Action under an insurance policy issued to Circleville. Further, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000.00, exclusive of costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b)(2) because a substantial part of the events giving rise to the claim took place within this District.

## GENERAL ALLEGATIONS

**The Insurance Policy**

8. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to resolve questions concerning coverage for the Underlying Action, which was tendered to USSIC under Policy No. PKG80110681 issued to Circleville (the "Policy"), effective February 18, 2015 to

February 18, 2016 (the "Policy Period"). A copy of the Policy is attached to this Complaint as **Exhibit A.**

9. The Policy, subject to its terms, conditions, and exclusions, affords coverage under the following parts: (1) Commercial General Liability Coverage Part; (2) Commercial Employee Benefits Coverage Part; (3) Public Officials Liability Coverage Part; (4) Employment Practices Liability Coverage Part (the "EPL Coverage Part"); (5) Law Enforcement Liability Coverage Part; (6) Commercial Property Coverage Part; (7) Equipment Breakdown Coverage Part; (8) Commercial Inland Marine Coverage Part; (9) EDP Coverage Part; (10) Commercial Crime Coverage Part; (11) Commercial Auto Coverage Part; and (12) Commercial Excess Coverage Part. The EPL Coverage Part is the only coverage part applicable to this matter.

10. The EPL Coverage Part of the Policy provides in relevant part as follows (emphasis in original):

### SECTION I – COVERAGE

**A. Insuring Agreement**

. . .

2. This insurance applies to "damages" only if the "employment practices wrongful act" occurs in the "coverage territory", during the Policy Period listed in the Declarations. . . .

### SECTION II – EXCLUSIONS

This insurance does not apply to "damages", claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving: …

**L. Prior Employment Practices Wrongful Act, Prior Insurance, Prior or Pending Litigation**

1. Any "employment practices wrongful act" which begins prior to the effective date of the Policy Period listed in the Declarations; or . . .

3

## SECTION IV – LIMTS OF INSURANCE

…

**C. Employment Practices Wrongful Act Limit**

Subject to Paragraph **B.** above, the Employment Practices Wrongful Act Limit is the most we will pay for the sum of all "damages" arising from the same or related "employment practices wrongful acts."

1. All "employment practices wrongful acts" committed by one or more insureds that are substantially the same, or are in any way, directly or indirectly, related or interrelated, either logically, causally or temporally, shall be deemed to constitute the same "employment practices wrongful act" and one Limit of Insurance for such "employment practices wrongful act" and one deductible will apply.

2. All claims or "suits" for "damages" that arise as a result of a series of related "employment practices wrongful acts" committed by an insured will be deemed to have taken place at the time of the first such "employment practices wrongful act."

**The Underlying Action**

11. On or about December 11, 2015, the Underlying Action was filed by Amie L. Morningstar against Defendants in the United States District Court, Southern District of Ohio. A copy of the complaint filed in the Underlying Action is attached hereto as **Exhibit B**.

12. In the Underlying Action, Ms. Morningstar asserts various employment-related claims relating to her previous employment with the Circleville Fire Department.

13. Ms. Morningstar alleges in the Underlying Action that, beginning in December 2003, she was discriminated against based upon her gender.

14. On March 16, 2018, this Court entered an Opinion and Order granting in part and denying in part the Defendants' Motion for Summary Judgment in the Underlying Action. As a part of that Opinion and Order, the Court found that the conduct alleged in the Underlying Action showed a "longstanding and demonstrable policy of discrimination," such that the alleged conduct

4

would be considered a "continuing violation" for purposes of calculating the statute of limitations (the "Opinion and Order").

**Allegations Relevant to the Policy**

15. On or about December 16, 2015, USSIC received notice of the Underlying Action and, by letter directed to Circleville on March 8, 2016, communicated its agreement to provide a defense to the Insureds under a reservation of rights. A copy of the March 8, 2016 letter is attached to this Complaint as **Exhibit C**.

16. In the March 8, 2016 letter, USSIC notified Circleville that Exclusion L. precludes coverage for any "employment practices wrongful act" beginning prior to the Policy Period. USSIC reserved its right to deny coverage based on this exclusion for Wrongful Acts occurring prior to the Policy Period, but notified the Insureds that it would nonetheless provide Circleville with a defense because not all of the "employment practices wrongful acts" were alleged to have occurred prior to the Policy Period.

17. USSIC has paid defense costs of behalf of the Insureds in defense of the Underlying Action (the "Defense Costs").

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment – Employment Practices Wrongful Act Limit of Liability)**

18. This is a claim for declaratory relief under 28 U.S.C. § 2201.

19. USSIC hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

20. An actual, present, and justiciable controversy exists between USSIC and the Insureds concerning coverage provided under the Policy.

21. The Policy provides that it applies to "damages" only if the "employment practices wrongful act" occurs in the "coverage territory," during the Policy Period.

22. The Policy also provides that all "employment practices wrongful acts" committed by one or more insureds that are substantially the same, or are in any way, directly or indirectly,

related or interrelated, either logically, causally or temporally, shall be deemed to constitute the same "employment practices wrongful act."

23. The "employment practices wrongful acts" alleged in the Underlying Action are logically related. The "employment practices wrongful acts" alleged in the Underlying Action all relate to Ms. Morningstar's employment with the Circleville Fire Department and the alleged discrimination that she endured. Further, the Court's Opinion and Order held that the "employment practices wrongful acts," beginning in December 2003 constitute a "continuing violation." Thus, the "employment practices wrongful acts" alleged in the Underlying Action are deemed to constitute a single "employment practices wrongful act" under the Policy.

24. The Policy provides that all claims or "suits" for "damages" that arise as a result of a series of related "employment practices wrongful acts" committed by an insured will be deemed to have taken place at the time of the first such "employment practices wrongful act."

25. The first alleged "employment practices wrongful act" in the Underlying Action occurred in December 2003 when Ms. Morningstar had to undergo a physical agility test. Thus, all of the "employment practices wrongful acts" alleged in the Underlying Action are deemed to have occurred in December 2003. Accordingly, all of the "employment practices wrongful acts" took place prior to the Policy Period.

26. USSIC requests that the Court declare that no coverage is available for the Underlying Action in accordance with Sections A.2. and IV.C. of the Policy's EPL Coverage Part and that, as a result, USSIC is entitled to recoup from the Insureds the amount of Defense Costs paid by USSIC on behalf of the Insureds in defense of the Underlying Action.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment – Prior Employment Practices Wrongful Acts Exclusion)**

27. This is a claim for declaratory relief under 28 U.S.C. § 2201.

28. USSIC hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

29. An actual, present, and justiciable controversy exists between USSIC and the Insureds concerning coverage provided under the Policy.

30. The Policy provides that it does not apply to "damages," claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any "employment practices wrongful act" which begins prior to the effective date of the Policy period listed in the Declarations.

31. The "employment practices wrongful acts" alleged in the Underlying Action allegedly began in December 2003. As explained in the Opinion and Order, the subsequent "employment practices wrongful acts" alleged in the Underlying Action are a "continuing violation" of the December 2003 "employment practices wrongful act."

32. USSIC requests that the Court declare that no coverage is available for the Underlying Action in accordance with Section II.L. of the Policy's EPL Coverage Part and that, as a result, USSIC is entitled to recoup from the Insureds the amount of Defense Costs paid by USSIC on behalf of the Insureds in defense of the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, USSIC prays for the following judgment against all Defendants:

1. Declaratory judgments against all Defendants as requested above;

2. Defendants pay attorneys' fees, and costs; and

3. Any and all other relief as the court may deem just and proper.

Dated:  April 26, 2018             /s/ Sabrina Haurin
Sabrina Haurin  (0079321)
Trial Attorney for Plaintiff
Jolene S. Griffith  (0084940)
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone:  (614) 221-3155
Facsimile:   (614) 221-0479
shaurin@baileycav.com
jgriffith@baileycav.com

Counsel for Plaintiff U.S. Specialty Insurance Company